

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions*. Paper 780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2249

_____

UNITED STATES OF AMERICA

v.

SHAKIR M. SMITH,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 00-cr-00010J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2007

Before:  RENDELL, AMBRO and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: July 12, 2007)

_____

OPINION

_____

RENDELL, *Circuit Judge*.

Shakir M. Smith appeals from the sentence of twenty-four months imposed in

March 2006 for violations of his supervised release.  Smith argues that the District

1

Court's sentence is both substantively and procedurally unreasonable. Smith requests that we vacate his sentence and remand for re-sentencing on the grounds that the District Court sentenced him based on an improper desire to punish him for his 2004 criminal conduct, failed to properly set forth its reasons for the sentence, and violated the mandate in § 3553(a) that the sentence imposed must be sufficient, but not greater than necessary, to achieve the valid purposes of sentencing. We have jurisdiction over Smith's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and we will affirm.

I.

In September 2000, Smith was sentenced in federal court to 51 months' imprisonment and three years supervised release after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). While serving the final portion of his federal sentence, Smith was released to a halfway house. In April 2004, Smith did not timely return to the halfway house after visiting his family and a warrant was issued for his arrest. On April 6, 2004, Smith engaged a federal marshal in a high speed car chase that ended in his arrest. He was subsequently charged in state court with fleeing, eluding and reckless endangerment and released back to the halfway house while these charges were pending. Smith was released from federal custody on June 4, 2004 and began serving his term of supervised release.

On August 3, 2004, while Smith was on supervised release, he was arrested on the Johnstown Housing Authority property, an area from which Smith had been previously

2

banned. Officer Haymaker followed Smith into one of the apartments and observed him make a throwing motion towards the corner of the room. Although Officer Haymaker did not search the area at that time, in a subsequent search officers recovered a clear plastic baggie of suspected cocaine base and three stamp bags of suspected heroin, as well as a baggie of suspected marijuana. Smith's subsequent urine test was positive for marijuana.

On October 18, 2004, United States Probation Officer Warren Johnson filed a petition on the District Court alleging that Smith had violated Standard Conditions 1, 3, 8 and 12 of his supervised release. The respective conditions are that: (1) the defendant shall not commit another federal, state or local crime, (3) the defendant shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month, (8) the defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician, (12) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

Subsequently, Smith was sentenced in state court to one-to-two years incarceration for the offense of fleeing, eluding and reckless endangerment for attempts to evade law enforcement on April 6, 2004. After his release from state custody on January 30, 2006, a preliminary revocation hearing was held on February 17, 2006 in the District Court.

At the preliminary revocation hearing, Smith stipulated that he violated each of the

above conditions of his supervised release. Specifically, Smith stipulated that he had committed defiant trespass and tampering or destruction of evidence, failed to report to his probation officer, failed to notify his probation officer within 72 hours of his arrest, and tested positive for THC (marijuana) in his urine. Smith, however, did not concede that he possessed a controlled substance when he trespassed onto the Johnstown Housing Authority property. The magistrate judge found that the government had established probable cause to find that Smith had violated the terms of his supervised release and held Smith in custody until the supervised release revocation hearing.

At the supervised release revocation hearing on March 28, 2006, the District Court revoked Smith's supervised release. The Court found that Smith's most serious violation was a Grade B violation, and that the advisory sentencing range under the Sentencing Commission's policy statements concerning revocation of supervised release was 21-24 months' imprisonment. The Court sentenced Smith to the maximum penalty allowed by statute: 24 months' imprisonment.

II.

We review Smith's overall sentence for reasonableness. *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 262 (2005)).

The sentencing guidelines concerning imposition of a term of imprisonment upon revocation of supervised release are advisory and thus not binding on the District Court.

4

*United States v. Schwegel*, 126 F.3d 551, 553 (3d Cir. 1997). However, to uphold a sentence, we must be satisfied that the court gave meaningful consideration to the factors listed in 18 U.S.C. § 3553(a) relevant to the revocation of supervised release and that those factors were reasonably applied to the circumstances of the case. *See United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). The district court does not need to discuss a defendant's clearly nonmeritorious arguments, or otherwise discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing. *Bungar*, 478 F.3d at 543 (citing *Cooper*, 437 F.3d at 329); *Rita v. United States*, No. 06-5754, 2007 WL 1772146, at *12 (June 21, 2007). Pursuant to § 3583(e), not all of the § 3553(a) factors are relevant to revocation of supervised release.

§ 3583(e)(3) states:

> The court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) - revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court finds... by the preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than... 2 years in prison if [the offense that resulted in the term of supervised release] is a class C or D felony...

The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and

characteristics of the defendant;

(2) the need for the sentence imposed –

. . .

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3), taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 28 U.S.C. § 994);

(5) any pertinent policy statement —

. . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Smith first argues that the District Court's sentence was unreasonable because the Court relied "primarily, if not solely, on [his] criminal history and the criminal conduct forming the basis for the supervised release violation in imposing the maximum term of imprisonment available." Appellant Br. 18. However, the history and characteristics of the defendant are factors that a court should consider when imposing sentence following the revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3) (stating that a court should consider the factors in 18 U.S.C. § 3553(a)(1) in deciding whether to revoke a

6

term of supervised release and require a defendant to serve a term of imprisonment); *United States v. Blackston*, 940 F.2d 877, 893 (3d Cir. 1991). In imposing its sentence, the District Court considered many factors, including but not limited to Smith's extensive criminal record, disrespect for the law, and inability to adhere to the conditions of his supervised release. These are permissible sentencing considerations under § 3583(e)(3).

Smith also argues that the District Court failed to properly set forth the reasons for its sentence and for rejecting his request for a sentence of one year and one day. We disagree. The record should demonstrate that the court considered the relevant § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record. *Cooper*, 437 F.3d at 329; *Rita*, 2007 WL 1772146, at *12. However, the court does not have to discuss and make findings as to each of the relevant § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. *Id.* (citing *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005)).

The District Court's statements reflect its reasons for imposing the 24 month sentence and make clear that it considered the arguments of counsel for imposing a lower sentence. The Court found that Smith's conduct "has not demonstrated an acceptance of responsibility nor a change of his ways that lead him into these problems." App. 123. The Court also took into account the instability of the defendant and the strong possibility, in light of past conduct, that he might commit similar crimes in the future.

Additionally, the Court also considered the sentencing range recommended in the Sentencing Commission's policy statement. Given that a court need not make findings as to each of the relevant § 3553(a) factors, the District Court properly disclosed its reasons for the imposed sentence. Smith also objects to the District Court's failure to discuss Smith's request for a sentence of a year and a day. However, the record reflects that the Court considered Smith's request, but found that Smith's lack of respect for the laws and irreverence for already imposed sentences, as well as his continued danger to society, merited a sentence of 24 months' imprisonment.

Lastly, Smith argues that the sentence imposed was "greater than necessary" to achieve the valid purposes of sentencing. We review the District Court's sentence for reasonableness. We cannot conclude that the determination that a 24-month sentence should be imposed was unreasonable.

### III.

Accordingly, for the reasons set forth, we conclude that Smith's sentence is reasonable and we will affirm the judgment of the District Court.